United States District Court
Southern District of Texas
**ENTERED**
May 26, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No: 21-80029 |
| US Construction Services, LLC, | § | Chapter 7 |
| Debtor, | § | |
| Randy W. Williams, Chapter 7 Trustee, | § | |
| Plaintiff, | § | |
| VS. | § | Adversary No. 23-8031 |
| ANN SHIRLEY, | § | |
| Defendant. | § | |
| In Re: | § | |
| US Construction Services, LLC, | § | |
| Debtor, | § | |
| Randy W. Williams, Chapter 7 Trustee, | § | Civil Case No. 3:23-cv-157 |
| Plaintiff, | § | |
| VS. | § | |
| Ann Shirley, | § | |
| Defendant. | § | |

# **ORDER**

The matter before the court arises from an ancillary case in bankruptcy court. In 2021, US Construction Services, LLC, filed Bankruptcy Case No. 21-80029. In February 2023, the Chapter 7 Trustee sued the defendant, Ann

Shirley, seeking around $70,000 in unpaid construction services that US Construction allegedly provided to Shirley and asserting breach-of-contract, negligent-representation, and intentional-misrepresentation claims. Adversary No. 23-8031, Dkt. 1.

In May 2023, Shirley answered the Trustee's complaint with a demand for a jury trial. *Id.* Dkt. 11. In response to Shirley's motion, the bankruptcy court issued a report recommending that this court withdraw the reference for the adversary proceeding filed as Adversary No. 23-8031 but refer the case to the bankruptcy court for all pretrial matters. Civil Action No. 3:23-cv-157, Dkt. 1; Adversary No. 23-8031, Dkt. 13.

The District Court for the Southern District of Texas exercises original jurisdiction over this adversary proceeding. *See* 28 U.S.C. § 1334(a)–(b). Under 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." In accordance with this provision, Southern District of Texas General Order 2012-6 requires automatic referral to bankruptcy judges for all such cases. The adversary case at issue fit this bill, and it was automatically referred.

But a "district court may withdraw, in whole or in part, any case or

proceeding referred under [§ 157(a)], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). This includes adversary proceedings. *See, e.g.*, *In re Luca Int'l Grp., LLC*, 15-34221, 2022 WL 17722698 at * 2 (Bankr. S.D. Tex. Oct. 27, 2022); *In re Arena Energy, LP*, 20-34215, 2021 WL 8016713 at * 6 (Bankr. S.D. Tex. Apr. 27, 2021). The Fifth Circuit has provided guidance for district courts deciding whether cause for permissive withdrawal exists:

> Permissive withdrawal for cause shown requires a court to examine the following factors: is the matter core or noncore? Do the proceedings involve a jury demand? Would withdrawal further uniformity in bankruptcy administration? Would withdrawal reduce forum-shopping and confusion? Would withdrawal foster economical use of resources? Would withdrawal expedite the bankruptcy process?

*Levine v. M & A Custom Home Builder & Dev., LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008) (Rosenthal, J.) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985), and *In re OCA, Inc.* 2007 WL 1728914, *3 (E.D. La. 2007)).

    Here, Bankruptcy Judge Jeffrey Norman, by report and recommendation, has carefully analyzed the relevant factors and concluded that they favor withdrawing the reference because (1) the non-core, state-law nature of the claims constitutionally prohibits the bankruptcy court from entering a final judgment, (2) there is no risk of forum shopping because the

bankruptcy court has not issued any rulings against the defendants, (3) the bankruptcy court has not yet held any hearings in this adversary proceeding, (4) and the defendants have asserted a right to a jury trial. *See* Dkt. 1 at 3–4. Accordingly, Judge Norman recommended withdrawing the reference. *Id.* at 4. Judge also requested, however, that this court refer the adversary proceeding to him for all pretrial purposes because "the Trustee is litigating several similar adversary proceedings related to the underlying debtor." *Id.* at 4.

Having considered the recommendation and applicable law, the court adopts Judge Norman's report and recommendation and withdraws the reference. Finding it in the best interests of judicial economy and conservation of resources, this court also adopts Judge Norman's recommendation that the bankruptcy court handle all pretrial matters. The reference is withdrawn for trial only. All pretrial matters remain in the bankruptcy court.

Signed on Galveston Island this 26th day of May, 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE